UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____ x

                                          :     CASE NO.
                                          :
                                          :
                                          :
BARBARA JO CALI, an individual; on behalf :
of herself and all others similarly situated, :
                                          :
                        Plaintiff,        :
                                          :
        vs.                               :
                                          :
SMITH CARROAD LEVY & WAN, P.C.            :
ROBERT S. LEVY, and TIMOTHY WAN,         :
                                          :
                        Defendants.       :
                                          :
                                          :
                                          :
_____ x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 1 7 2012   ★

LONG ISLAND OFFICE

**SUMMONS ISSUED**

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL FAIR DEBT
COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

**CV-12 4124**

HURLEY, J

BU[...], M

## I. PRELIMINARY STATEMENT

1.      Plaintiff, BARBARA JO CALI, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the above-named Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that the collection practices invoked by the Defendants violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

6.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory damages payable by the Defendants.

## II. PARTIES

7.     Plaintiff is a natural person.

8.     At all times relevant to this complaint, Plaintiff was a citizen of, and resided in, the Town of Huntington Station, Suffolk County, New York.

9.     At all times relevant to this complaint the Defendants Smith Carroad Levy &

Wan, P.C. (herein after "Defendant SCLW") is a professional legal corporation organized pursuant to the laws of the State of New York and maintains a principal place of business located at 5036 Jericho Turnpike, Commack, New York.

10.    At all times relevant to this complaint, Defendant Robert S. Levy (hereinafter "Defendant Levy") is an attorney duly admitted to practice law in the State of New York and maintains a principal place of business located at 5036 Jericho Turnpike, Commack, New York.

11.    The Defendant Levy is the senior partner of the Defendant SCLW.

12.    At all times relevant to this complaint, Defendant Timothy Wan (hereinafter "Defendant Wan") is an attorney duly admitted to practice law in the State of New York and maintains a principal place of business located at 5036 Jericho Turnpike, Commack, New York.

13.    The Defendant Wan is a partner of the Defendant SCLW.

**14.**    The    Defendants Levy and Wan personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendant SCLW that are the subject of this Complaint. The Defendants Levy and Wan personally control the illegal acts, policies, and practices utilized by the Defendant SCLW and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

15.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

16.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within

this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

17.     The Plaintiff is alleged by the Defendant SCLW to be indebted to an entity doing business as Bryan L. Salamone, P.C. for a monetary amount in the amount of $3,852.78 as of March 29, 2012.

18.     This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

19.     The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20.     The Plaintiff is informed and believes, and on that basis alleges, that sometime prior to March 29, 2012, Bryan Salomon, P.C. either directly or through intermediate transactions assigned, placed, transferred, or sold the alleged debt to the Defendant SCLW for attempted collection.

21.     The Defendant SCLW collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22.     The Defendant SCLW is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.     The Defendant Levy collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24.     The Defendant Levy is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     The Defendant Wan collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

26.     The Defendant Wan is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.     At a time unknown to the Plaintiff, but prior to March 29, 2012, the Defendant SCLW sent a debt collection letter to the Plaintiff in the attempt to collect the debt referenced in paragraph 15 heretofore herein.

28.     The debt collection letter described in paragraph 25 heretofore is false, deceptive and misleading in that it falsely implies that an attorney associated with the Defendant SCLW was personally involved in the sending of the notice when, in fact, as of the date of the notice, no attorney was personally involved in the sending of the notice to the Plaintiff nor did any attorney review the notice sent to the Plaintiff and did any attorney sign the notice sent to the Plaintiff.

29.     Said letter is false deceptive and misleading in that it implies that the letter was sent after an attorney associated with the Defendant SCLW had committed that level of necessary meaningful attorney review of the particular circumstances concerning the alleged debt and otherwise implies that an attorney was actively involved in the attempt to collect the alleged debt when such was not the case. In fact, at the time the letter was sent no attorney associated with the Defendant SCLW had no personal knowledge of the particular circumstances concerning the alleged debt nor any particular knowledge of the Plaintiff.

30.     In a further attempt to collect the alleged debt set forth in paragraph 15 heretofore herein, the Defendant SCLW sent a letter dated March 29, 2012 to the Plaintiff. A copy of said letter is attached hereto as Exhibit "A"

31.     The communication annexed hereto as Exhibit "A" is false, deceptive and misleading in that it falsely implies that an attorney associated with the Defendant SCLW was personally involved in the sending of the notice when, in fact, as of the date of the notice, no attorney was personally involved in the sending of the notice to the Plaintiff nor did any attorney review the notice sent to the Plaintiff and did any attorney sign the notice sent to the Plaintiff.

32.     Said letter is false deceptive and misleading in that it implies that the letter was sent after an attorney associated with the Defendant SCLW had committed that level of necessary meaningful attorney review of the particular circumstances concerning the alleged debt and otherwise implies that an attorney was actively involved in the attempt to collect the alleged debt when such was not the case. In fact, at the time the letter was sent no attorney associated with the Defendant SCLW had no personal knowledge of the particular circumstances concerning the alleged debt nor any particular knowledge of the Plaintiff.

33.     The caption of the letter attached hereto as Exhibit "A" sets forth as follows:

RE: BRYAN L. SALAMONE, P.C. vs. BARBARA JO CALI

34.     The caption falsely implies that legal action was commenced against the Plaintiff as of the date of the letter (March 29, 2012) when, in fact, no legal action was commenced against the Plaintiff as of that date.

## V. POLICIES AND PRACTICES COMPLAINED OF

35.     It is Defendants' policy and practice to:

a)  Send debt collection letters to consumers which contain false, deceptive and misleading statements and;

b) Send debt collection letters in order to falsely deceive consumers and other persons into believing that an attorney at law was actively participating in attempts to collect alleged debts when, in fact, no such attorney participation occurred as of the debt said letters were sent.

## VI.  CLASS ALLEGATIONS

36.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37.     This claim is brought on behalf of a Plaintiff Class, consisting of all persons, with addresses in the State of New York, who received an initial collection letter from the Defendant and/or a collection letter identical in form to the collection letter attached as Exhibit "A" hereto.

38.     The identities of all class members are readily ascertainable from the records of the Defendant and those companies and governmental entities on whose behalf it attempt to collects debts.

39.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

40.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants use false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts.

41.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

42.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorney has any interests, which might cause them not to vigorously pursue this action.

43.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members in each class would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants used false, deceptive and/or misleading debt collections practices during attempts to collects alleged personal debts.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members of each class insofar as Plaintiff has no interests that are adverse to the absent members of each class. The Plaintiff is committed to vigorously

litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f)      Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

44.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

45.     Defendants violated the FDCPA. Defendants' violations are all based upon 15 U.S.C. sec. 1692e in that false, deceptive and misleading debt collection practices were invoked by the Defendants in regard to the attempts to collect alleged personal debts.

## VIII.  PRAYER FOR RELIEF

46.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her

favor and in favor of the Plaintiff Class as follows:

A.      **For the FIRST CAUSE OF ACTION**:

(i)      An order certifying that the First Cause of Action may be maintained as a class
pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing the
Plaintiff and the undersigned counsel to represent the Plaintiff Classes as
previously set forth and defined above.

(ii)     An award of the maximum statutory damages pursuant to 15 U.S.C. §
1692k(a)(B);

(iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §
1692k(a)(B)(3); and

(iv)     For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:        New York, New York
              August 15, 2012

                                    _____
                                    ROBERT L. ARLEO, ESQ. (RA-7506)
                                    380 Lexington Avenue, 17th Floor
                                    New York, New York   10168
                                    Telephone:  (212) 551-1115
                                    Facsimile:   (518) 751-1801

                                    *Attorney for Plaintiff, Barbara Jo Cali, and all
                                    others similarly situated*

**EXHIBIT A**

# Smith Carroad
# Levy & Wan, P.C.

ROBERT S. LEVY
TIMOTHY WAN

PRAGNA PARIKH
JANEEN M. HOWARTH

OF COUNSEL:

DONALD VICTOR
NANCY WASSERSTEIN
JAY I. WALDHAUSER

P.O. BOX 49 COMMACK, NY 11725-0049          TELEPHONE (631) 499-5400          FACSIMILE (631) 493-0189

BARBARA JO CALI                              March 29, 2012
116 HILLWOOD DR
Huntington Station NY 11746


                          RE:   BRYAN L. SALAMONE, P.C.
                          vs.   BARBARA JO CALI
                          Amount Due: $3,852.78
                          Our File No.: 752556

Dear Ms. CALI:

   Our prior attempts to resolve this matter with you have not met with success.  If you would like to discuss this matter or arrange a mutually agreeable payment plan, please contact us.

   **This is an attempt to collect a debt and any information obtained shall be used for that purpose.  This is a communication from a debt collector.**

                          Very truly yours,



                          Smith Carroad Levy & Wan, P.C.



DNAJ\WP